IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHELLE LANKFORD,

                Plaintiff,

      v.

DEBBIE SHORT, in her Official Capacity
only as a State Human
Resources Official,

                Defendant.

Civil Action No. 16-993-RGA

## MEMORANDUM

Plaintiff filed a two-count First Amended Complaint against Defendant Debbie Short, "in her [o]fficial [c]apacity only as a State Human Resources Official." (D.I. 5). In Count I, Plaintiff claims violations of 42 U.S.C. § 1983 and discrimination in violation of the Americans with Disabilities Act ("ADA"). (*Id.* at 5). In Count II, Plaintiff claims violations of 42 U.S.C. § 1983 and retaliation in violation of the ADA. (*Id.* at 6). Plaintiff seeks "[p]rospective [i]njunctive [r]elief reinstating Plaintiff as a Family Court employee in comparable position and at pay commensurate with the pay grade at which she was most recently employed." (*Id.* at 7). Plaintiff seeks, in the alternative to reinstatement, "front-pay and front-benefits." (*Id.*)

Pending before the Court is Defendant's Motion to Dismiss the First Amended Complaint. (D.I. 7). Defendant seeks dismissal of all claims in Counts I and II for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2-3). For the reasons set forth below, Defendant's Motion is GRANTED. Count I and Count II are DISMISSED.

I.  BACKGROUND

In October 1989, Plaintiff began working for the Family Court in and for Sussex County, Delaware. (D.I. 5 at ¶ 5). "At all relevant times, Plaintiff suffered from mild cerebral palsy, panic disorder, general anxiety disorder, and major depressive disorder." (*Id.* at ¶ 6). In early 2012, Defendant and other management-level employees became aware of Plaintiff's medical conditions. (*Id.* at ¶ 11). On February 8, 2012, Defendant "instructed Plaintiff to take short-term disability leave," and Plaintiff complied. (*Id.* at ¶¶ 13-15). In July 2012, Plaintiff returned to work with a physician's note clearing her to work on a half-day basis. (*Id.* at ¶¶ 17-18). On August 3, 2012, Plaintiff provided Defendant with another physician's note clearing Plaintiff to work a reduced schedule for sixty days. (*Id.* at ¶¶ 21-22). On the same day, Defendant sent Plaintiff home from work and Plaintiff was not allowed to return to work. (*Id.* at ¶¶ 23-24). On August 7, 2012, Defendant "informed Plaintiff she was terminated." (*Id.* at ¶ 25). Defendant "instructed Plaintiff to take long-term disability until Plaintiff was eligible for her service pension." (*Id.* at ¶ 26).

On November 1, 2012, Plaintiff filed a charge for ADA discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 29). "[T]he Family Court claimed that it would be an undue hardship for it to accommodate Plaintiff's half-day schedule." (*Id.* at ¶ 30). "The EEOC concluded that Defendant discriminated and retaliated against Plaintiff in violation of the [ADA]." (*Id.* at ¶ 35). The EEOC provided Plaintiff a Right to Sue Notice dated August 1, 2016. (*Id.* at ¶ 36).

II.  STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial

2

or factual challenge to the court's subject matter jurisdiction. *Constitution Party v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## III. DISCUSSION

Defendant argues Counts I and II should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (D.I. 7 at ¶ 6). Since Defendant relies solely on the pleadings, this is a facial challenge to the court's subject matter jurisdiction, and only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to [Plaintiff]" may be considered. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff argues the Court has jurisdiction over her claims because the claims arise from violations of the ADA and § 1983, whereas Defendant argues that Plaintiff's claims are barred by the Eleventh Amendment.

"Plaintiff sues [Defendant] in her official capacity only, tantamount to a suit against the State of Delaware itself, pursuant to *Ex parte Young*, . . . wherein the [Supreme Court] created the so-called 'legal fiction' that States may be sued through their officials acting in their capacity." (D.I. 8 at ¶ 11; *see* D.I. 5 at ¶ 2). As noted by Defendant, the "Eleventh Amendment bars all suits in law or equity against a state in federal court." (D.I. 7 at ¶ 9). "[T]here are only three narrowly circumscribed exceptions to Eleventh Amendment immunity: (1) abrogation by

3

Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003).

Plaintiff relies solely on the third exception. Plaintiff contends Defendant, in her official capacity, deprived Plaintiff of her constitutional right to "reasonable accommodations," and Defendant discriminated and retaliated against Plaintiff "in lieu of inquiring into reasonable accommodations." (D.I. 8 at ¶ 4). Plaintiff argues the third Eleventh Amendment immunity exception applies to Defendant because Defendant is being sued in her official capacity for prospective injunctive relief to remedy the ongoing violations. (*Id.* at ¶ 11).

Defendant argues the Court lacks subject matter jurisdiction because the Eleventh Amendment immunity bars Plaintiff's ADA claims because there is no ongoing violation of federal law which can be remedied by prospective relief. (D.I. 9 at ¶¶ 8-9). Defendant argues there are no facts to suggest there is an ongoing violation and "[a]ny alleged violation ended with her last day of employment with the state of Delaware." (*Id.* at ¶ 12). Defendant argues Plaintiff "cannot meet the threshold test for *Ex Parte Young* to permit suit against Defendant in her official capacity." (*Id.*).

Under the doctrine of *Ex Parte Young*, prospective relief against a state official in her official capacity to prevent future federal constitutional or federal statutory violations is not barred by the Eleventh Amendment. 209 U.S. 123 (1908). To determine whether a plaintiff has alleged a proper *Ex Parte Young* claim, the federal court "will need to conduct a straightforward inquiry into whether [the] complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)

4

(O'Connor, J., concurring)) (emphasis added). Plaintiff's claims of ADA violations do not involve ongoing violations. The ADA violations ended when Plaintiff was terminated. Plaintiff's unemployment is a consequence of Defendant's failure to abide by the law. "Nonetheless, it is still a consequence of the violation and not a continuing violation." *Republic of Para. v. Allen*, 949 F. Supp. 1269, 1273 (E.D. Va. 1996). There is no ongoing violation of the ADA. Therefore, the third Eleventh Amendment immunity exception does not apply to Plaintiff's ADA claims.

As stated under § 1983, "Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983. Plaintiff's § 1983 claims are dependent on the violations of the ADA. Since there is no ongoing violation of the ADA, there is no ongoing violation of § 1983. Plaintiff's Count I and Count II, both of which claim violations of the ADA and § 1983, are barred by the Eleventh Amendment. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). The Court does not have subject matter jurisdiction over Plaintiff's Counts I and II.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (D.I. 7) is **GRANTED**. All claims in Count I and Count II are **DISMISSED**.

A separate order will be entered.

*Richard G. Andrews*
United States District Judge 6/13/17